IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                     No. 4:12-cr-246-DPM-3

ANTONIO VENTURA-FUENTES                                                              DEFENDANT

ORDER

Ventura-Fuentes pleaded guilty to conspiring with the intent to distribute methamphetamine. The Court sentenced him to 97 months imprisonment. № 676. The Court imposed a sentence below the mandatory minimum on the Government's motion, and then varied downward another thirteen months to account for Ventura-Fuentes's circumstances. The Court of Appeals affirmed the reasonableness of this sentence. № 706. This Court later applied Guideline Amendment 782 retroactively and reduced his sentence to 78 months. № 719. Ventura-Fuentes moves to vacate his sentence, saying that his lawyer was constitutionally ineffective in four ways. *Strickland v. Washington*, 466 U.S. 668 (1984). The United States responds that no basis for relief exists. The issues don't require an evidentiary hearing. 28 U.S.C. § 2255(b); *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013); *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013).

Assuming counsel delayed meeting with Ventura-Fuentes for six months and then pushed him to be truthful during the proffer, № 711 at 4, this doesn't establish prejudicial ineffective assistance. Ventura-Fuentes says he was confused and intimidated after the proffer. But as the United States points out, telling the truth would have led only to a greater sentence reduction. Ventura-Fuentes has not established any prejudice from delayed consultation or the proffer circumstances. This ground fails as a matter of law. *United States v. Apfel*, 97 F.3d 1074, 1077 (8th Cir. 1996).

Ventura-Fuentes's second claim—that his plea resulted from confusion, ignorance, and pressure, № 711 at 5—fails on the record. At his change-of-plea hearing, Ventura-Fuentes testified under oath that he was satisfied with his lawyer. *№ 692 at 6*. After the Court explained to Ventura-Fuentes the charges against him and potential penalties he faced, Ventura-Fuentes confirmed that, "yes," he understood them. *№ 692 at 7–8*. Ventura-Fuentes then assured the Court that no one had coerced his plea or promised him anything for his plea. *№ 692 at 17*. Each of these statements flatly contradicts the allegation that Ventura-Fuentes has made in his second claim. On this record, Ventura-Fuentes's second claim can't be accepted as true. *Winters*, 716

F.3d at 1103.

Ventura-Fuentes alleges, third, that his lawyer promised him a sentence between 54 and 84 months. *№ 711 at 7*. This claim fails too. No one, Ventura-Fuentes told the Court, promised anything for his plea. *№ 692 at 17*. In fact, Ventura-Fuentes understood that whatever sentencing ranges his lawyer may have discussed with him were "an educated guess," and that it was "too early to tell for sure and for certain" what his sentence would be. *№ 692 at 13–14*. Here, too, the sworn record contradicts Ventura-Fuentes's new claim.

Last, Ventura-Fuentes says his lawyer failed him by not challenging the PSR's conclusion that he was a leader in the drug conspiracy. *№ 711 at 8*. Counsel didn't let him down here either. Ventura-Fuentes, it was undisputed, used Felipe Ortiz to deliver methamphetamine and pick up drug-sale proceeds. *№ 692 at 19–20*. Under the Guideline's loose definition of a leader, this conduct sufficed for a two-level increase in Ventura-Fuentes's base offense level. USSG § 3B1.1(c) (Application Notes). He wasn't prejudiced by counsel's not fighting an issue that was unwinnable. *Thompson v. Jones*, 870 F.2d 432, 435 (8th Cir. 1988).

In the change-of-plea hearing, Ventura-Fuentes repeatedly told the

-3-

Court under oath that he was satisfied with his lawyer, understood the key parts of his plea deal, and chose to plead guilty. I did not see any ineffective assistance and said so. № 693 at 10. Having considered Ventura-Fuentes's arguments, and the whole record, I do not see anything that his lawyer did, or failed to do, that fell below the constitutional standard to Ventura-Fuentes's prejudice. His motion, № 711, is denied.

    So Ordered.

_DPMarshall Jr._
D.P. Marshall Jr.
United States District Judge

_15 January 2015_